IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21cv–00860–CMA–KMT

JOSHUA J. VALDEZ,

    Plaintiff,

v.

TYLER MONELL, and
TYLER MITCHELL,

    Defendants.

---

## ORDER

---

Before the court is "Defendants' Motion to Stay Discovery." (["Motion"], Doc. No. 31.) In the Motion, Defendants ask that discovery in this matter be stayed, pending resolution of their previously filed motion to dismiss. (*Id.* at 2 ¶ 4; *see* Doc. No. 28.) No response has been filed to the Motion, and the time to do so has lapsed.[1] For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

*Pro se* Plaintiff Joshua J. Valdez ["Valdez"],[2] a pretrial detainee at the Arapahoe County Detention Facility, brings this lawsuit, under 42 U.S.C. § 1983, asserting violations of his

---

[1] Defendants inform the court that Plaintiff has "not responded" to their attempts at conferral; they "assume Plaintiff opposes this Motion." (Mot. 1 ¶ 1.)

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S.

Fourteenth Amendment rights by Defendants Tyler Monell and Tyler Mitchell. (["Second Amended Complaint"], Doc. No. 8.) Valdez alleges, specifically, that on July 6, 2019, Defendants, both of whom are Greenwood Village Police officers, "took the law into there [sic] own hands" while effectuating his arrest, and used "excessive force" against him, by "beat[ing]" him "badly" and "hitting" him "19 times." (*Id.* at 4.) Plaintiff asserts his claims against both Defendants, in their individual capacities, only. (*Id.* at 2-3.) In his operative pleading, Valdez asks for monetary damages, as well as injunctive relief. (*Id.* at 6.)

On July 8, 2021, Defendants responded to the Second Amended Complaint by filing a motion to dismiss, and on July 27, 2021, a motion to stay discovery, pending resolution of the motion to dismiss.[3] (Doc. No. 28; Mot. 2 ¶ 4.) Defendants argue that a discovery stay is appropriate here, because their motion to dismiss raises purely legal arguments for dismissal, which "are potentially dispositive of the claim against them." (Mot. 2 ¶ 3, 5 ¶ 8.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing

---

519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

[3] On July 29, 2021, this court vacated the initial case deadlines, pending its ruling on Defendants' motion to stay. (Doc. No. 33.)

2

*Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

**ANALYSIS**

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be

3

prejudiced by a discovery stay.  Indeed, Plaintiff has not responded, or otherwise expressed opposition, to Defendants' motion.  The first factor, therefore, weighs in favor of the imposition of a stay.  *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, because they "will be forced to expend resources on discovery that might ultimately prove unnecessary," given that their motion to dismiss is "potentially dispositive" of this case.  (Mot. 5 ¶ 8.)  In making that argument, Defendants stress that they have raised purely legal challenges to Plaintiff's sole claim for relief, including an invocation of qualified immunity.  (*Id.* at 2 ¶¶ 3-4; *see* Doc. No. 28.)  Given that the motion to dismiss does appear to be predicated entirely upon questions of law, the court agrees that Defendants could be prejudiced by engaging in discovery at this time.  *See Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (stating that "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim"); *Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015) (finding the second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal); *see also Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery

related to the claims that may be subject to qualified immunity and those that are not"). Accordingly, the second factor also supports the imposition of a stay.

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. By imposing a discovery stay in this case, judicial economy will be enhanced, because scheduling and discovery issues will not be raised, and the court will be able to focus its attention on the dispositive legal issues raised in Defendants' motion to dismiss. *See Burkitt v. Pomeroy*, 15-cv-02386, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency."); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("[I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where . . . the facts sought through uncompleted discovery would not affect the resolution of the motion[.]"). The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, as well as the strong interest of resolving the specific legal issues presented by this case before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that "Defendants' Motion to Stay Discovery" (Doc. No. 31) is **GRANTED**. Discovery in this matter is **STAYED**, pending a ruling on the "Defendants' Motion to Dismiss" (Doc. No. 28). The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the initial case deadlines should be reset.

Dated this 4th day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge