IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21cv–00860–CMA–KMT

JOSHUA J. VALDEZ,

      Plaintiff,

v.

TYLER MONELL, and
TYLER MITCHELL,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      Before the court is "Defendants' Motion to Dismiss."  (["Motion"], Doc. No. 28.)

Plaintiff has responded in opposition to the Motion, and Defendants have replied.

(["Response"], Doc. No. 34; ["Reply"], Doc. No. 35.)  For the following reasons, it is

RECOMMENDED that the Motion be GRANTED, and that this case be DISMISSED.

### STATEMENT OF THE CASE

      *Pro se* Plaintiff Joshua J. Valdez ["Mr. Valdez," or "Plaintiff"], a pretrial detainee at the

Arapahoe County Jail, brings this federal civil rights action, pursuant to 42 U.S.C. § 1983,

asserting a claim of excessive force against two Greenwood Village Police Department officers,

Defendants Tyler Mitchell and Tyler Monell.  (["Complaint"], Doc. No. 8.)  According to the

Complaint, on July 6, 2019, at approximately 3:31 a.m., Mr. Valdez was "pulled over" by

Defendant Monell, while driving in the vicinity of 8300 East Crescent Parkway, Greenwood Village, Colorado.  (*Id.* at 4.)  After initiating the traffic stop, Defendant Monell apparently discovered that Mr. Valdez was wanted on an outstanding warrant.  (*Id.*)  The officer then "called for backup."  (*Id.*)  Shortly thereafter, Defendant Monell's partner officer, Defendant Mitchell, arrived at the scene and reportedly "took the law into [his] own hands."  (*Id.*)  Mr. Valdez alleges that both officers proceeded to "victimize[]" him and "beat" him "badly."  (*Id.*) Defendant Mitchell, specifically, is said to have later "admit[t]ed to hit[t]ing" Mr. Valdez "19 times."  (*Id.*)  Plaintiff informs the court that visual and audio footage of the entire "excessive force" incident was captured on Defendant Mitchell's dashcam.  (*Id.*)

Following these events, Mr. Valdez was apparently taken into custody and charged with one felony and two misdemeanors, in connection with the July 6, 2019 traffic stop incident. (Mot. Ex. A.)  Mr. Valdez ultimately pled guilty, in Colorado state court, to two counts of resisting arrest, a class two misdemeanor.  (Mot. 2, Ex. A-C.)

Based on the foregoing, on March 24, 2021, Mr. Valdez commenced this § 1983 lawsuit, asserting a single claim for excessive force against Defendants Mitchell and Monell, in their individual capacities only.  (*Id.* at 2-4.)  As relief, Plaintiff seeks $10 million, and demands that Defendants be permanently removed from the police force.  (*Id.* at 6.)

On July 8, 2021, Defendants responded to Plaintiff's allegations against them by filing a motion to dismiss the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Mot. 1.)  Defendants argue, specifically, that Plaintiff's sole claim against them is barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

(*Id.* at 2-6.)  They argue, in the alternative, that they are entitled to qualified immunity in this case.  (*Id.* at 6-7.)

## STANDARDS OF REVIEW

### I.  *Legal Standard for* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to an application of different rules.  *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II. *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," *i.e.,* those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id.* at 679.

That being said, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the court typically may not look beyond the pleadings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).  "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted). "Pleadings," for purposes of a Rule 12(b)(6) motion to dismiss, however, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  Documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the complaint, central to the plaintiff's claims, and not challenged as inauthentic.  *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *accord Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

Here, Defendants have attached several documents to their motion to dismiss, including Plaintiff's guilty plea in the underlying criminal action, an advisement of the elements of the charged offenses, and a court register of action.  (Mot. Ex. A-C.)  These documents are all court filings that are subject to judicial notice; as such, the documents will be considered in connection with the motion to dismiss.  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *accord United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *see also United States v. McCranie*, 889 F.3d 677, 678 & n.1 (10th Cir. 2018) (taking judicial notice of a litigant's guilty plea in a separate case); *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003) (taking judicial notice of court records concerning a § 1983 plaintiff's criminal conviction).

## ANALYSIS

### A.  The **Heck** *Doctrine*

Mr. Valdez alleges that Defendants used excessive force against him, purportedly in violation of his Fourteenth Amendment rights.  (Compl. 4.)  Defendants argue that this claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Mot. 2-6.)  In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87; *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (clarifying that the rule from *Heck* is not limited to § 1983 claims for damages, but applies regardless of the type of relief sought).  "The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with

the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749, 751-52 (2004)).

"The starting point for the application of *Heck* [] is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Id.* "In other words, a § 1983 action implicates *Heck* only as it relates to the conviction that it would be directly invalidating." *Id.* The "key inquiry" is whether a § 1983 plaintiff's successful prosecution of his claims would *necessarily* invalidate his underlying conviction. *Strepka v. Jonsgaard*, No. 10-cv-00320-PAB-KMT, 2010 WL 4932723, at *4 (D. Colo. Nov. 8, 2010). "To make this determination, the court must consider the elements of the criminal offense of which the § 1983 plaintiff was convicted." *Id.* (citing *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999); *see also Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015) ("To determine the effect of *Heck* on an excessive-force claim, the court must compare the plaintiff's allegations to the offense he committed.").

### 1. *The Offense Committed*

The record, here,[1] shows that Mr. Valdez was charged with three offenses arising from the July 6, 2019 traffic stop: (1) disarming a peace officer, pursuant to Colo. Rev. Stat. § 18-8-116, a class six felony; (2) resisting arrest by Officer Tyler Mitchell, pursuant to Colo. Rev. Stat. § 18-8-103, a class two misdemeanor; and (3) resisting arrest by Officer Tyler Monell, pursuant to Colo. Rev. Stat. § 18-8-103, a class two misdemeanor. (Mot. Ex. A-C.) The advisement of the elements of the offenses, attached as an exhibit to Defendants' motion to dismiss, states that

---

[1] As stated *supra*, the court takes judicial notice of the state court documents relating to Mr. Valdez's guilty plea without converting the motion to dismiss into a motion for summary judgment.

during the July 6, 2019 traffic stop, Mr. Valdez "unlawfully and knowingly prevented or

attempted to prevent" Officers Mitchell and Monell from effecting his arrest "by using or

threatening to use physical force or violence" against them.  (Mot. Ex. C.)  Mr. Valdez ultimately

pled guilty, in Colorado state court, to both counts of resisting arrest.  (Mot. Ex. B.)  "Resisting

arrest," as defined by Colorado statute, means that a person "knowingly prevents or attempts to

prevent a peace officer, acting under color of his official authority, from effecting an arrest of the

actor or another," either by "[u]sing or threatening to use physical force or violence against the

peace officer or another;" or "[u]sing any other means which creates a substantial risk of causing

bodily injury to the peace officer or another."  Colo. Rev. Stat. § 18-8-103(1).  Mr. Valdez does

not allege, either in the Complaint or the Response, that he obtained a favorable termination of

his criminal conviction.

     In their Motion, Defendants argue that, should Mr. Valdez prevail on his excessive force

claim, it would necessarily imply the invalidity of his guilty plea.  (Mot. 4-5.)  Mr. Valdez, in his

Response, does not address the merits of Defendants' argument on this issue, at all.  (*See* Resp.

1-2.)

     *2.  Mr. Valdez's Allegations*

     In the Complaint, Mr. Valdez alleges that Defendants used "excessive force" against him

during the course of a traffic stop.  (Compl. 4.)  "Excessive force claims can be maintained under

the Fourth, Fifth, Eighth, or Fourteenth Amendment, depending on where the plaintiff finds

himself in the criminal justice system at the time of the challenged use of force."  *McCowan v.

Morales*, 945 F.3d 1276, 1282-83 (10th Cir. 2019) (quoting *Estate of Booker v. Gomez*, 745 F.3d

405, 418-19) (10th Cir. 2014)) (internal quotation marks omitted).  "Any force used 'leading up

to and including arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures." *Estate of Booker*, 745 F.3d at 419 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010)).  The Eighth Amendment, by contrast, applies to "prisoners already convicted of a crime who claim that their punishments involve excessive force[.]" *Id.* (quoting *Porro*, 624 F.3d at 1325-26).  And, where neither the Fourth nor Eighth Amendment applies, courts "turn to the due process clauses of the Fifth or Fourteenth Amendment and their protection against arbitrary governmental action by federal or state authorities." *Id.* (quoting *Porro*, 624 F.3d at 1326).

In this case, the alleged excessive force occurred after Mr. Valdez was stopped by the police, but prior to his arrest.  Further, Mr. Valdez's allegations make clear that, at the time of these events, he had submitted to the officers' show of authority.  (*See* Compl. 4 ("I was pulled over by Tyler Monell he found I had a warrant then he called for backup.").)  Accordingly, Mr. Valdez's claim implicates the Fourth Amendment, rather than the Fourteenth Amendment.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment"); *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (stating that the Fourth Amendment is implicated where a police officer shows his authority to a citizen, who then "submi[ts] to the assertion of authority").

"The Fourth Amendment forbids unreasonable seizures, including the use of excessive force in making an arrest." *Hooks v. Atoki*, 983 F.3d 1193, 1200 (10th Cir. 2020) (quoting *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007)); *accord Graham*, 490 U.S. at 394-

95.  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks omitted).  "The ultimate question 'is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.'" *Hooks*, 983 F.3d at 1200 (quoting *Casey*, 509 F.3d at 1281).  "This determination 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Casey*, 509 F.3d at 1281).

In this case, Mr. Valdez's allegations of excessive force are incompatible with his underlying criminal conviction for resisting arrest.  In his Complaint, Mr. Valdez alleges that Defendants "took the law into there [sic] own hands" and "beat" him "badly," "hitting" him at least "19 times."  (Compl. 4.)  However, Mr. Valdez does not allege that Defendants took such action to stop his resistance to their arrest, or that Defendants physically assaulted him after he had already been subdued.  *See Martinez*, 184 F.3d at 1127 (making clear that *Heck* does not bar an excessive force claim for someone found guilty of resisting arrest, where the force used to overcome that resistance was excessive).  Rather, Mr. Valdez alleges that Defendants used excessive force against him, merely because they "found" that he "had a warrant."  (Compl. 4.)  In other words, Mr. Valdez claims, as his sole theory of recovery, that he did nothing wrong, and thus, any use of force by Defendants was unjustified.  Mr. Valdez's version of events, in which he is essentially the victim of an unprovoked assault by police officers, directly challenges the

10

factual basis for his underlying criminal conviction for resisting arrest.  Therefore, given that Mr.

Valdez's conviction has not been rendered invalid, to the extent that he now asserts a § 1983

claim for excessive force arising from the July 6, 2019 traffic stop, the claim is barred by *Heck*.

*See Havens*, 783 F.3d at 783 (finding an excessive force claim to be barred by *Heck*, where the

plaintiff alleged that he "did nothing" to warrant any use of force, which was "incompatible"

with his underlying conviction for attempted assault); *DeLeon v. City of Corpus Christi*, 488

F.3d 649, 656-57 (5th Cir. 2007) (holding a § 1983 plaintiff's sole theory of recovery for

excessive force—*viz., "*that he did nothing wrong" and "simply defended himself, against mace,

baton, and then gun, as the violence escalated"—to be in direct conflict with his underlying

conviction for aggravated assault).  It is, therefore, recommended that Mr. Valdez's claim be

dismissed without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)

("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

     **WHEREFORE**, for the foregoing reasons, this court respectfully

     **RECOMMENDS** that the "Defendants' Motion to Dismiss" (Doc. No. 28) be

**GRANTED**.  It is further

     **RECOMMENDED** that this case be **DISMISSED**.

<h2 align="center">ADVISEMENT TO THE PARTIES</h2>

     Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

11

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge